Case 6:25-cv-02012-LTS-MAR   Document 20   Filed 06/24/26   Page 1 of 8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| MAURICE A. L., Parent and Natural Guardian of E.M.L. | |
| Plaintiff, | No. C25-2012-LTS-MAR |
| vs. | |
| FRANK BISIGNANO, Commissioner of Social Security, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Defendant. | |

## I.     INTRODUCTION

This case is before me on a Report and Recommendation (R&R) filed by United States Magistrate Judge Mark A. Roberts.  Doc. 16.  Judge Roberts recommends that I affirm the decision of the Commissioner of Social Security (the Commissioner) denying an application by plaintiff Maurice A. L., acting on behalf of his minor child, E.M.L. (the Claimant), for supplemental security income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–85.  The Claimant has filed objections (Doc. 19), to which the Commissioner has not responded.

## II.     APPLICABLE STANDARDS

### A.     Judicial Review of the Commissioner's Decision

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive. . . .").  "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept

as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

To determine whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both the evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court "must search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

The court applies a balancing test to assess any contradictory evidence in an appeal of a denial of benefits. *Sobania v. Sec'y of Health & Hum. Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even if the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have

2

supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see also Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B.     Review of Report and Recommendation

A district judge reviews a magistrate judge's R&R under the following standard:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(2).  Thus, whenever a party objects to a portion of an R&R, the district judge must undertake a de novo review of that portion.

The unobjected to portions of an R&R are still reviewed under at least a "clearly erroneous" standard.  *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).  A finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985).  A district judge may, however, elect to review an R&R under a more exacting standard even without an objection.

> Any party that desires plenary consideration by the Article III judge of any issue need only ask.  Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

3

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III.   BACKGROUND

The Claimant was born in 2016.  AR 56.  His father, acting on the Claimant's behalf, applied for supplemental social security income on March 28, 2022, alleging a disability onset date of March 1, 2022.  *Id.*  His application was denied initially and on reconsideration.  AR 55, 60, 66, 68, 73.  AR 66, 68.  The Claimant then requested and received a hearing before an administrative law judge (ALJ).  AR 86.  At the hearing, the Claimant was represented by counsel and the Claimant's father testified in support of his son's claim.  AR 27–54.  Ultimately, the ALJ issued a decision denying an award of benefits.  AR 17–23.  The Appeals Council denied the Claimant's request for review, making the ALJ's decision the final decision of the Commissioner.  AR 1–3.

Again acting through his father, the Claimant sought judicial review by filing a complaint (Doc. 3) in this court.[1]  The Claimant contends that the ALJ failed to properly evaluate the severity of his attention deficiency/hyperactivity disorder (ADHD).  Docs. 3, 7.  In the R&R (Doc. 16), Judge Roberts outlined the three-step process for evaluating a child disability claim:

> First, the Commissioner must determine whether the child is engaged in substantial gainful activity.  If not, the Commissioner must then determine whether the child's impairment, or combination of impairments, is severe.  Finally, if the child's impairment(s) is severe, the Commissioner must determine whether it meets, medically equals, or functionally equals the severity of an impairment listed in Appendix 1 of Subpart P of Part 404 of the Regulations.  If the impairment(s) meets or medically equals a Listing, the child is disabled.  If a child's impairment does not meet or medically

---

[1] Because the Claimant's father is not an attorney, Judge Roberts ordered him to establish his competency to represent his son in this Social Security review action.  Doc. 12.  In the R&R, Judge Roberts found that the Claimant's father meets the standard of competence set forth in Social Security regulations governing non-attorney representatives.  Doc. 16 at 4 (citing 20 C.F.R. § 416.1505).

4

equal a listed impairment, the Commissioner will assess all functional limitations caused by the child's impairment to determine whether the impairment functionally equals the Listings. If this analysis shows the child not to have an impairment which is functionally equal in severity to a listed impairment, the ALJ must find the child not disabled.

Doc. 16 at 6 (quoting *Lillard v. Berryhill*, 376 F. Supp. 3d 963, 976–77 (E.D. Mo. 2019) (citations omitted)). An impairment or combination of impairments will "functionally equal" the listings when their cumulative effect results in two "marked" limitations or one "extreme" limitation to the claimants ability to: (1) acquire and use information; (2) attend and complete tasks; (3) interact and relate with others; (4) move about and manipulate objects; (5) care for oneself; and (6) maintain their health and physical well-being. 20 C.F.R. § 416.926a(a), (b)(1), (d). A marked limitation will seriously interfere with one's ability to independently initiate, sustain or complete the listed domains; an extreme limitation very seriously interferes with the same capabilities. *Id.* § 416.926a(e)(2)(i), (3)(i).

Judge Roberts then addressed the ALJ's findings as to the three steps. Doc. 16 at 7. First, being six years old, the Claimant was not engaged in substantial gainful activity. AR 18. Second, the ALJ classified the Claimant's ADHD and adjustment disorder as "severe." *Id.* Third, the ALJ determined that the Claimant's impairments did not meet or functionally equal any medical listing. AR 18–23. Relating to the ALJ's functional equivalency finding, the ALJ's findings reflected:

- <u>no</u> limitation in acquiring and using information;
- <u>less than a marked</u> limitation in attending and completing tasks;
- <u>less than a marked</u> limitation in interacting and relating with others;
- <u>no</u> limitation in the ability to care for himself; and
- <u>no</u> limitation in health and physical well-being.

AR. 20. These conclusions were based on the Claimant's father's answers in a functional report (as relating to the Claimant's limits to acquiring and using information, caring for himself and his health and well-being), AR 20 (citing AR 172–77); the Claimant's first

grade school records reflecting that the Claimant's development was normal to advanced and that his primary teacher observed no limitations, AR 21, 23 (citing AR 221, 265–75); and the medical evidence. AR 21–23. Although the ALJ found that the contrary testimony of the Claimant's father was "well-intentioned and earnestly given," he found it to be inconsistent with the record evidence. AR 20.

Judge Roberts found that the ALJ fully and fairly developed the record and properly considered the evidence. Doc. 16 at 17. He therefore concluded that substantial evidence supports the ALJ's findings and recommends that the Commissioner's final decision be affirmed. In his objections, (Doc. 19), the Claimant raises five issues that largely boil down to the ALJ skewing the record evidence to downplay the Claimant's limitations and improperly discounting the Claimant's father's testimony.

## IV. DISCUSSION

At the outset, I agree with and adopt Judge Roberts' analysis regarding the Claimant's representation by his non-attorney father. Doc. 16 at 1-4. As such, I will proceed to address the merits of the Claimant's application for SSI benefits.

The Claimant argues that the ALJ downplayed sustained patterns of behavioral issues in the record in favor of isolated improvements. He does not cite the record evidence that the ALJ purportedly minimized, but the record does contain some suggestions of persistent defiance, misbehavior and inattentiveness. *See, e.g.*, AR 176–77, 211, 226, 287, 292, 294. The question, however, is whether the ALJ's decision is supported by substantial evidence in the record. *Pelkey*, 433 F.3d at 577. It is.

As Judge Roberts concluded, the ALJ's findings were reasonable conclusions drawn from a developed record and pulled from different objective and subjective sources. The Claimant's father's own statements back up the ALJ's "no limitation" findings. AR 20, 172–76. School and medical records further support that any limitation to the Claimant's ability to attend and complete tasks, or to interact and relate with others, was not so serious an interference to be a "marked" limitation. *See* AR 221, 266–75

6

(school records reflecting the Claimant was generally proficient to advanced in marked areas—including listening and following directions, producing work on time and demonstrating responsible personal and social behavior—and a teacher report observing no problems in any domain); AR 56–67 (medical experts opining that even with "considerable benefit of the doubt . . . the child may have as much as moderate limitations in attending and completing tasks and in interacting and relating with others"); AR 259 (counselor observing that the Claimant was "within normal limits for cognitive and social functioning, physical and emotional regulation" after seven visits); AR 211, 288, 295 (telehealth physician charting that the Claimant is "calm [and] cooperative with the interview" and "did not appear to be responding to internal stimulation").

With regard to the Claimant's father's testimony before the ALJ, the Claimant's grievance is that the ALJ "require[s] consideration of caregiver observations regarding day-to-day functioning" but that the ALJ found his father's testimony was "not fully supported" by the record. Doc. 19 at 2. While a caregiver's testimony may be an "important source[] of information," 20 C.F.R. § 416.924a(a)(2)(i), a caregiver's input is not dispositive. The fact that the ALJ considered the Claimant's father's testimony but gave it less weight than other record evidence does not make the final decision infirm. In addition, parts of the testimony could be interpreted to support the ALJ's conclusions. *See, e.g.*, AR 34 (opining that medications have "kind of regulat[ed] [the Claimant's erraticism] a little bit"); AR 41 (reporting the teacher only had "to redirect [the Claimant] a couple times about sitting down or keeping your hands to yourself"); AR 42 (describing the medications as "really helpful").

In sum, the ALJ's decision is supported by substantial evidence in a fully developed record and the ALJ did not commit error in weighing the Claimant's father's testimony. Based on my review of the record, I find no error in Judge Roberts' recommendation and therefore adopt the R&R in its entirety.

7

## V. CONCLUSION

For the reasons set forth herein:

1. The Claimant's objections (Doc. 19) to the Report and Recommendation (Doc. 16) are **overruled**.

2. I **accept** the Report and Recommendation (Doc. 16) **without modification**. *See* 28 U.S.C. § 636(b)(1).

3. Pursuant to Judge Roberts' recommendation:

   a. The Commissioner's disability determination finding the Claimant was not disabled is **affirmed**.

   b. Judgment shall be entered against plaintiff and in favor of the Commissioner.

**IT IS SO ORDERED** this 24th day of June, 2026.

_____
Leonard T. Strand
United States District Judge

8